CARROLL, Judge.
This appeal is by the plaintiff below from an order dismissing its complaint. On September 20, 1965, the appellant Adler-Built Industries, Inc. filed a suit in chancery in the circuit court of Dade Count}*-, against the City of Opa-Locka and its officials including the city tax assessor and tax collector, challenging validity of the city’s assessment of ad valorem taxes for the year 1965, on certain described parcels of land located within the city. The suit *76 was brought under § 196.01, Fla.Stat., F.S.A.,[1] pursuant to which plaintiff tendered into court the amount of taxes admitted by plaintiff to be legal and due. The state comptroller was joined, as required by § 196.14, Fla.Stat., F.S.A.
The complaint alleged ownership by plaintiff of certain parcels of land in the City ■of Opa-Locka; that plaintiffs lessees had -devoted the lands to agricultural purposes •during the tax period involved; that the •City of Opa-Locka had failed to assess the •property on the basis of agricultural use as required by § 193.11(3) Fla.Stat., F.S.A., •as made applicable by the city charter; and the complaint charged that therefore the city’s assessment for the tax year 1965 .-was illegal and excessive.[2]
On motion of defendants the chancellor dismissed the complaint with prejudice, and plaintiff appealed.
The appellant taxpayer contends the dismissal was error because the city was required to assess the property as agricultural lands on an acreage basis, as § 72 of the charter made the state taxation laws apply and govern assessments by the city. The appellees, citing § 193.61, Fla.Stat., F.S.A., •contend the provision in the state law as to the method of assessment of lands used for agricultural purposes did not impose a limit on the power of the city to assess the property on the basis employed, and that by § 69 of its charter the city was empowered to make the assessment on the basis of fair market value or on the basis of the value for the peculiar use made of the property (here agricultural), and chose the former.
Section 193.11(3), Fla.Stat., F.S.A., provides in pertinent part as follows:
“All lands being used for agricultural purposes shall be assessed as agricultural lands upon an acreage basis, regardless of the fact that any or all of said lands are embraced in a plat of a subdivision or other real estate development. Provided, agricultural purposes shall include only lands being used in bona fide farming, pasture, grove or forestry operations by the lessee or owner, or some person in their employ. * * * ”
Section 193.61 Fla.Stat., F.S.A., provides in part as follows:
“Nothing in this chapter shall be so construed as in any way abridging or limiting powers to assess, levy or collect taxes, licenses or assessments which have been or may be granted to any municipal corporation by special act or charter act, or as limiting such municipal corporation in the method of assessing, levying or collecting the same, to the methods established by this chapter.”
Section 72 of the charter of the City of Opa-Locka (Ch. 29347, Special Acts 1953) provides:
“The general laws of the State of Florida upon the subject of taxation shall apply to and govern in the assessment, levy and collection of taxes in the City of Opa-Locka and in the return and sale of property delinquent therefor; and shall also apply and govern in respect to the powers, duties and liabilities of persons and property touching and con *77 cerning such taxes, and shall have full force and effect in said city as far as same may be applicable, except as herein otherzvise provided.” (Italics supplied)
Section 69 of the charter provides in pertinent part as follows:
“ * * * The commission may adopt reasonable classifications of property for taxation purposes, and prescribe that property of power lines, light lines, gas lines, water systems and other utilities and property of a peculiar nature or designated or used for a special purpose, may be assessed for taxation either:
“(1) at its fair market value, or
“(2) at its fair value for the peculiar use for which the same shall be designated or used, or
“(3) upon such basis or bases and in such manner as is or may be provided by general law with respect to such kinds of property; * * * ” (Italics supplied)
The quoted sections of the charter are not in conflict. Section 72 provides expressly that the adoption there of the general state laws on the subject of taxation, for assessment, etc., will not control where the charter elsewhere provides otherwise, as in fact it does by section 69. The latter section singles out certain classifications of property, including that used for a special purpose (such as for agriculture), and authorizes assessment thereof (1) at “fair market value,” or (2) at a “fair value for the peculiar use for which the same shall be designated or used,” or (3) as provided for by general state law with respect to such property. It should be noted that since the special purpose use of the property involved was agricultural, the second and third methods of assessment thus authorized in section 69 of the charter would operate the same, that is, for assessment on an acreage basis as agricultural lands. Thus the city was free to choose to assess this property either at its fair market value or as x agricultural) acreage. The city’s choice of the former basis was supported by a clear grant of power in its charter, as authorized under § 193.61 Fla.Stat., F.S.A.
We hold, therefore, that the chancellor was eminently correct in dismissing the cause, and the order appealed from is affirmed.
Affirmed.

. “Chancery jurisdiction in tax matters. ■ — Courts of chancery in this state shall have jurisdiction in all cases involving the legality of any tax, assessment or toll, and shall inquire into and determine the , legality, equality and validity of the same under the constitution and laws of Florida, and shall render decrees setting aside such tax, assessment or toll, or any part of the same, that shall appear to be contrary to law, provided that the complainant shall in every case tender into court and file with the complaint the full amount of any such tax, assessment or toll which he shall admit to be legal and due by him, or file with the complaint a receipt showing payment of the same prior to the institution of the suit.”

. It was alleged the lands were assessed by the city at approximately $3,000 per acre, and that the valuation thereof for assessment as lands devoted to agricultural purposes should have been $340 per acre.